We must determine whether the paper cups, one of which smelled of beer, the broken, empty beer bottles and the fact that such were found in a place of business constitute direct or circumstantial evidence of guilt of the charge against the appellant.

We have concluded that such facts were circumstances rather than direct proof of the fact that appellant had the beer for sale and that, therefore, the learned trial court fell into error in not giving the requested charge. Miller v. State, 135 Tex.Cr.R. 309, 119 S.W.2d 1052, and Hinton v. State, 135 Tex.Cr.R. 400, 120 S.W.2d 1053.

The judgment is reversed and the cause remanded.

purpose of sale, and his punishment was assessed by the jury at a fine of $250.

The complaint and information, as well as all matters of procedure, appear regular. The record is before us without a statement of facts or bills of exception, in the absence of which nothing is presented for review.

The judgment of the trial court is affirmed.

Opinion approved by the Court.

## YANCY v. STATE.
### No. 26463.

Court of Criminal Appeals of Texas.

May 27, 1953.

No attorney on appeal for appellant.

Wesley Dice, State's Atty., of Austin, for the State.

BELCHER, Commissioner.

Appellant was convicted for the offense of possessing intoxicating liquor for the